### ANNE A. PARKER *vs.* JAMES W. PARKER.

It is not necessary that the defendant should be *actually* in the state when application is made for the writ of *ne exeat.*

Nor is it necessary that he should be a resident of this state.

In some cases where the court feels itself constrained to discharge the writ, it will direct the defendant to give security to abide the decree.

*Mr. Runyon* moved to discharge the order for a writ of *ne exeat,* allowed in this case, on the ground that the defendant is a resident of the state of Ohio, and was not in this state at the time of the application for, or at the time of the making of the order, and also because of the insufficiency of the affidavits upon which the writ was allowed.

*Mr. Parker,* contra.

THE CHANCELLOR. I think it sufficiently appears, from all that is before the court, that this complainant is entitled to the aid of the court, in every way in which it can be legally exerted, for the enforcement of such decree as may be made in her behalf upon the bill she has filed. Her demand is for alimony. She complains of the defendant's deserting her under very aggravating circumstances. She alleges that he refuses to make any provision for herself and child, and that, for the fraudulent purpose of depriving her of any means of enforcing her rights, he has placed a large amount of property, to which he is entitled in New Jersey, in other hands beyond the reach of the law. After taking her from her home in New Jersey, he has lately sent her back here to her mother, and without any just ground of complaint, refuses to make any provision for her whatever. These facts are all to be considered, as the case is now presented, as true. The defendant, with ample time to do so, has not answered the bill. Although he has put in a lengthy affida-

vit to be used on this motion, he has not availed himself of the opportunity to deny the serious charges which the complainant has made against him. He now asks that the order for *ne exeat* may be discharged upon his motion, not on any denial of the justness of the claim which is made upon him, or of the charge, that he intends to depart out of the state for the purpose of avoiding the jurisdiction of the court, but simply because he was not in New Jersey at the time the writ was applied for and allowed. The petition for the writ was filed June 29th. On the 3d of July the order was made, and on the 23d of the same month the writ was served on the defendant. The defendant alleges that, from August, 1857, to July 16th, 1858, he had not been in the state of New Jersey, and now moves to discharge the writ upon affidavits of that fact.

I have not the affidavits before me upon which the writ was allowed, and refer to them only from recollection. Is it necessary that the defendant should be *actually* in the state when application is made for the writ? If he is a resident of the state, and is absent only temporarily when the writ is granted, there certainly can be no irregularity in granting it during such absence. Nor do I see any objection to granting the writ where the defendant is a non-resident, and is casually visiting the state, particularly where it is shown that, during such visit, he conceals himself to avoid the jurisdiction of the court. The object of the writ is to secure his presence to answer such decree as may be made against him, and the propriety of the *ne exeat* arises from the fact of his absenting himself from the state to avoid the jurisdiction of the court. It is of no effect unless it can be served upon him, and it must be served upon him while he is in the state. It is said the affidavits must show that he intends quickly to depart out of the state; and it is asked—how can he entertain an intention to depart unless he is actually in the state? But he may contemplate coming into the state, of concealing himself while here, and then to

depart quickly, to avoid the service of process upon him. I think a *ne exeat* under such circumstances would not be irregularly issued. It is true the statute requires that there shall be satisfactory proof to the Chancellor that the defendant designs quickly to depart out of the state. I think a person may have this design without actually being in the state at the time. He may design to come quickly and to depart quickly.

But in this case the application was made upon the supposition that the defendant was in the state, and the affidavits so stated. It is attempted to be shown that this was a mistake. If this were made out, I do not think I should discharge the writ. Frequently, where the court has felt itself constrained to discharge the writ, it has directed the defendant to give security to abide the decree. *Howden* v. *Rogers*, 1 *Ves. & Beam* 129 ; *Atkinson* v. *Leonard*, 3 *Bro. C. C.* 218 ; *Roddan* v. *Hetherington*, 5 *Ves.* 92 ; *Woodward* v. *Schatzell and others*.

I am not satisfied, however, from the affidavits before me, that the complainant was mistaken in supposing that the defendant was then in the state. I lay out of view entirely the defendant's own affidavit, and also that of his mother, from considerations which are obvious to counsel. As to Mr. Skinner's affidavit, it amounts to nothing. He says he saw the defendant *almost* every day in Ohio, for at least two months prior to the 14th day of July last; that he daily passed his house, and in the evening the defendant was commonly there sitting in the door-way; that he *cannot remember* of any week day within the period mentioned that he did not see him. Such an affidavit does not overcome the affidavits which were offered, upon which the writ was allowed, and which are strengthened by the additional affidavits which the complainant has read on this motion. As to the affidavit of *Frank Parker*, he is a boy only fourteen years of age. He is speaking of his recollection as to time. He gives dates —such as his having left Cleveland Wednesday, the 14th

of July—arriving at New York Thursday night, at ten o'clock—and he states particulars evidently not from recollection, but which have been impressed upon his mind from conversations with others.   He is honest, I have no doubt, but the probabilities as to his being mistaken are very much greater than that the witnesses, Charlotte C. Hinkle and Mary A. Kernes, are mistaken as to their having seen the defendant in Newark in the month of June last.

The complainant's case is one which this court particularly favors.   This court has exclusive jurisdiction of the subject matter.   The complainant must have her redress here or not at all.  · Where a wife has sued for alimony in a spiritual court, a *ne exeat* has sued out of chancery when the husband threatened to leave the kingdom.   While the general rule is, that the writ will not issue upon a bill where no decree can be made, yet out of compassion to the wife, the exception to which I have referred has been made in her favor.

The motion is denied.